### Thomas Murphy *v.* The State.

Indictment — Variance. — Indictment charged that the forged instrument which was attempted to be passed was signed "Pat Whelan." *Held*, that proof that it was signed "P." Whelan or "D." Whelan will not sustain the allegation.

APPEAL from the District Court of Nueces.    Tried below before the Hon. J. C. RUSSELL.

The opinion discloses the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.   The indictment charges that the appellant attempted to pass as true, upon one William Shaw, a certain forged instrument, which is set out in the indictment as follows : —

" Mr. W. W. WRIGHT, —

" Please pay to the bearer the sum of five dollars, and oblige,

" Yours,

" PAT WHELAN. "

On the trial, William Shaw, the man who, it is alleged, was attempted to be defrauded, was called as a witness by the State, and testified : " On the 7th day of May, in the evening, defendant approached him (witness), and asked him to give him (defendant) five dollars on an order which defendant exhibited, and which was drawn on W. W. Wright, and was in words and substance : ' Mr. W. W. Wright, please pay to bearer five dollars, and oblige, yours.' To this order witness testified that there was a name signed. Could not say whether it was P. Whelan or D. Whelan, as the writing was bad.   Witness did not cash the order, because he did not have the money, and so informed defendant.   Would have cashed it if he had had the money. Witness knew a D. Whelan, who lived in this county several years ago.   On cross-examination, witness stated he was sure the order had not been signed by Pat Whelan. Does not think the defendant intended to defraud him."

The State, having charged by her indictment that the order was signed " Pat Whelan," was bound to prove that

the name signed to the order was " Pat," and the allegation is not proven by showing it was signed " P." or " D." Whelan. *Warrington* v. *The State*, 1 Texas Ct. App. 168; *Ranjel* v. *The State*, 1 Texas Ct. App. 461; *Roberts* v. *The State*, 2 Texas Ct. App. 4; *Cassaday* v. *The State*, 4 Texas Ct. App. 96; *Perry* v. *The State*, 4 Texas Ct. App. 566.

Because of fatal variance between the allegation and the proof, the judgment is reversed and the cause remanded.

*Reversed and remanded.*